**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LAL BHATIA,

    Defendant.

No. CR 05-0334 SBA

**ORDER STAYING PROCEEDINGS PENDING APPEAL**

On September 4, 2007, the Court denied defendant Lal Bhatia's motion to dismiss the criminal indictment against him based on collateral estoppel and res judicata. *See* Docket No. 275. The same day, Bhatia filed a notice of appeal of the denial. *See* Docket No. 277. Pursuant to *United States v. Romeo*, 114 F.3d 141, 143 (9th Cir. 1997); *United States v. Stoddard*, 111 F.3d 1450, 1457, 58 (9th Cir. 1997); *United States v. James*, 109 F.3d 597, 599 (9th Cir. 1997); and *United States v. Castiglione*, 876 F.2d 73, 75 (9th Cir. 1988), the Court hereby STAYS this action during the pendency of Bhatia's interlocutory appeal and until such time as the Ninth Circuit Court of Appeals issues its mandate.

Criminal cases are generally not subject to appellate review under 28 U.S.C. § 1291 until and after conviction and sentence. *See United States v. Lewis*, 368 F.3d 1102, 1104 (9th Cir. 2004). A small class of cases is excepted from this jurisdictional bar under the "collateral order doctrine." *Id*. For instance, a district court's pre-trial order rejecting a claim of double jeopardy constitutes a "final decision" and thus satisfies the collateral order doctrine. *See Abney v. United States*, 431 U.S. 651, 662 (1977); *United States v. Lewis*, 368 F.3d 1102, 1107 (9th Cir. 2004). Thus, a denial of a motion to dismiss based on a colorable claim of double jeopardy may be immediately appealable. *See United States v. Lewis*, 368 F.3d 1102, 1107 (9th Cir. 2004); *United States v. Price*, 314 F.3d 417, 420 (9th Cir. 2002).

The collateral estoppel and doctrine implicates the constitutional protection against double jeopardy, and thus a denial of a motion to dismiss an indictment based on collateral estoppel is an interlocutory order that may be appealed. *See United States v. Romeo*, 114 F.3d 141, 143 (9th Cir.

1997); *United States v. Stoddard*, 111 F.3d 1450, 1457, 58 (9th Cir. 1997); *United States v. James*, 109 F.3d 597, 599 (9th Cir. 1997). A similar principle applies to claims of res judicata. *See United States v. Castiglione*, 876 F.2d 73, 75 (9th Cir. 1988).

Where an interlocutory claim is immediately appealable, its filing divests the district court of jurisdiction to proceed to trial. *See Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992); *United States v. Claiborne*, 727 F.2d 842, (9th Cir. 1984) ("Ordinarily, if a defendant's interlocutory claim is considered immediately appealable under *Abney,* the district court loses its power to proceed from the time the defendant files its notice of appeal until the appeal is resolved"); *Moroyoqui v. United States*, 570 F.2d 862, 864 (9th Cir. 1977).

In the analogous context of interlocutory appeals of denials of qualified immunity, the Ninth Circuit has held that "[s]hould the district court find that the defendants' claim of qualified immunity is frivolous or has been waived, the district court may certify, in writing, that defendants have forfeited their right to pretrial appeal, and may proceed with trial." *Chuman*, 960 F.2d at 105; *see also California ex rel. Lockyer v. Mirant Corp.*, 266 F. Supp. 2d 1046, 1052 (N.D. Cal. 2003) (explaining and applying *Chuman* certification process). "In the absence of such certification, the district court is automatically divested of jurisdiction to proceed with trial pending appeal." *Chuman*, 960 F.2d at 105.

The terminology of whether an appeal is frivolous or is colorable is not settled, but the essence of the various linguistic formulations is the same. *See, e.g., Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (an appeal on a matter of law is frivolous where none of the legal points are arguable on their merits); *In re George*, 322 F.3d 586, 591 (9th Cir. 2003) (citation omitted) ("An appeal is frivolous if the results are obvious, or the arguments of error are wholly without merit").

The closest jurisprudence is the denial of motions to dismiss indictments based on claims of double jeopardy. In this context, the Ninth Circuit has declared that "[a] double jeopardy claim is colorable if it has 'some possible validity.'" *United States v. Zone*, 403 F.3d 1101, 1104 (9th Cir. 2005) (quoting *United States v. Sarkisian*, 197 F.3d 966, 983 (9th Cir. 1999)). Under that lenient standard, Bhatia's appeal, while weak, is colorable. A written finding that Bhatia's appeal is frivolous is therefore not warranted. Accordingly, the Court will stay these proceedings until the Ninth Circuit issues its

mandate on the appeal.

Turning then to the intervening time that such an appeal will take, the delay resulting from this interlocutory appeal is excluded with respect to defendant Bhatia under 18 U.S.C. § 3161(h)(1)(E) of the Speedy Trial Act. The time during the pendency of this appeal is excluded with respect to Bhatia's co-defendants pursuant to 18 U.S.C. § 3161(h)(7). "[D]elay resulting from an interlocutory appeal" is excludable under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(E). When one defendant is granted an interlocutory appeal, and therefore is entitled to excludable delay pursuant to 18 U.S.C. § 3161(h)(1)(E), excludable delay applies to properly joined co-defendants by virtue of 18 U.S.C. § 3161(h)(7), which states:

> (h) The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of nay such offense must commence:
> . . . .
> (7) A reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted.

*See Unites States v. Bascue*, 1994 WL 41343, at *1 (D. Or. 1994).

It is further ORDERED that the pre-trial conference scheduled for October 2, 2007, at 11 A.M. is VACATED. A status conference is set for December 18, 2007, at 9 A.M.

IT IS SO ORDERED.

September 25, 2007                              *Saundra B Armstrong*
                                                Saundra Brown Armstrong
                                                United States District Judge

3