**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LAL BHATIA,

    Defendant.

No. CR 05-0334 SBA

**ORDER**

[Docket Nos. 362, 363]

    On November 6, 2007, defendant Lal Bhatia filed a Motion to Set Aside a Search Warrant Procured by Reckless Falsehoods and Material Omissions and to Suppress the Fruits of a Poisonous Tree [Docket No. 363]. Bhatia states that this motion is made pursuant to Federal Rules of Criminal Procedure 12(b) and 41, and *Franks v. Delaware*, 438 U.S. 154 (1978). On December 8, 2005, Bhatia filed a Motion for a *Franks v. Delaware* Hearing and to Set Aside the Search Warrant Procured by Falsehoods and Material Omissions [Docket No. 79].

    The motion to set aside the search warrant states that:

> As we believe [FBI] Agent [Janet] Berry, . . . ignored, omitted and manipulated material information in order to influence the Magistrate to fin 'probable cause' [for issuing a search warrant]. Agent Berry recklessly omitted material information including the findings of the Texas District Court and engaged in a number of misstatements about material facts, upon which Magistrate Larson issued the search warrant [on April 29, 2005] and on May 3, 2005, agents of the FBI executed, searched and seized items from Mr. Bhatia's family residence. By this motion, Mr. Bhatia moves this Court to order a hearing to determine whether Agent Berry made knowing or reckless falsehoods or material omissions in said affidavit and to suppress the evidence seized pursuant to the said affidavit and search warrant.

Docket No. 363, at 5.

    A defendant is entitled to an evidentiary hearing on the validity of the affidavit underlying a search warrant if the defendant can make a substantial preliminary showing that (1) the affidavit contains intentionally or recklessly false statements or misleading omissions, and (2) the affidavit cannot support a finding of probable cause without the allegedly false information. *See United States v. Napier*, 436 F.3d 1133, 1136 (9th Cir. 2006) (citing *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978)); *United States v. Reeves*, 210 F.3d 1041, 1044 (9th Cir. 2000); *United States v. Kiser*, 716 F.2d 1268, 1271 (9th

Cir. 1983).

Given the assumption of validity underlying a supporting affidavit, a party moving for a *Franks* hearing must submit "allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof." *United States v. Chavez-Miranda*, 306 F.3d 973, 979 (9th Cir. 2002) (citing *Franks*, 438 U.S. at 171); *United States v. Garcia-Cruz*, 978 F.2d 537, 540 (9th Cir. 1992). The need for an offer of proof is set forth in the *Franks* opinion itself:

> There is, of course, a validity with respect to the affidavit supporting the search warrant. To mandate the evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained.

*Franks v. Delaware*, 438 U.S. at 171; *see also Kiser*, 716 F.2d at 1271 ("[t]he allegations must be accompanied by a detailed offer of proof, preferably in the form of affidavits").

Concurrently with the motion to set aside the search warrant, Bhatia has submitted an *Ex Parte* Application for an Order Authorizing the Filing of the Motion in Excess of 25 Pages [Docket No. 362]. Bhatia's motion to set aside the search warrant is 46 pages, exclusive of the table of contents and table of authorities.

Under Criminal Local Rule 47-2(b), "Except as otherwise specifically provided, the format of [criminal] motions shall comply with the requirements of Civil L.R. 7-2(b) and (c)." Pursuant to Civil Local Rule 7-2(b), a motion shall be in the form of "one filed document not exceeding 25 pages in length . . . ." In support of setting aside this page limit, Bhatia argues:

> Given that the Search Warrant affidavit itself exceeds 50 pages and given that a party moving for a hearing to determine the existence of 'probable cause' must submit in addition to allegations of deliberate falsehoods or of reckless disregard for the truth, and that those allegations of deliberate falsehoods or of reckless disregard for the truth, and that those allegations must be accompanied by a substantial offer of proof [sic]. *United States v. Chavez-Miranda*, 306 F.3d 973, 978 (9th Cir.2002). Mr. Bhatia submits that the relief requested herein is appropriate under the circumstances.

Docket No. 362, at 2.

There are several difficulties with Bhatia's request for an extension of the page limit. First,

2

given that an offer of proof should be presented in the form of an affidavit, this requirement should not substantially add to the length of the motion itself. *See, e.g.*, *Franks*, 438 U.S. at 171 ("Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained"); *Kiser*, 716 F.2d at 1271 ("[t]he allegations must be accompanied by a detailed offer of proof, preferably in the form of affidavits").

In addition, Bhatia's present motion appears to be largely a repackaging of his prior Motion for a *Franks v. Delaware* Hearing to Set Aside the Search Warrant Procured by Falsehoods and Material Omissions [Docket No. 79], which was heard by the Court on February 7, 2006. That motion was not granted. *See* Docket No. 112. Under Criminal Local Rule 2-1, "The provisions of the Civil Local Rules of the Court shall apply to criminal actions and proceedings, except where they may be inconsistent with these criminal local rules, the Federal Rules of Criminal Procedure or provision of law specifically applicable to criminal cases." Civil Local Rule 7-9(a) provides that "No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion." Bhatia has not sought, nor received, leave of Court to file a motion for reconsideration, nor made any argument that Civil Local Rule 7-9(a) does not require him to seek such leave before filing a motion to reconsider a prior interlocutory order.

Finally, this request for the setting aside of the page limitation must be weighed in the context of Bhatia's prior submissions of lengthy memoranda. On July 24, 2007, Bhatia filed a 44 page memorandum in support of his motion to dismiss based upon collateral estoppel and res judicata. *See* Docket No. 262. On December 8, 2005, Bhatia filed an 83 page memorandum in support of his Motion for a *Franks v. Delaware* Hearing and to Set Aside the Search Warrant Procured by Falsehoods and Material Omissions. A district court has wide discretion in applying its local rules, and in this instance where the defendant has repeatedly filed motions exceeding the limits of the local rules, the Court will exercise its discretion to enforce the page limitation. *See United States v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979) (per curiam) ("Only in rare cases will we question the exercise of discretion in connection with the application of local rules"); *Lundh v. Terhune*, 45 Fed. Appx. 815, 816 (9th Cir. 2002) (unpublished) (no abuse of discretion in enforcing 25 page limit).

Accordingly, the *Ex Parte* Application for an Order Authorizing the Filing of the Motion in Excess of 25 Pages [Docket No. 362] is DENIED. The Motion to Set Aside a Search Warrant Procured by Reckless Falsehoods and Material Omissions and to Suppress the Fruits of a Poisonous Tree [Docket No. 363] is STRICKEN for failure to comply with the local rules.

IT IS SO ORDERED.

December 5, 2007

_____
Saundra Brown Armstrong
United States District Judge