**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LAL BHATIA, *et al.*,

    Defendants.

No. C 05-0334 SBA

**ORDER**

[Docket No. 410]

Before the Court are: (1) defendant Lal Bhatia's Notice of Unavailability and Ex Parte Motion to Continue Trial Setting Conference of 10-28-08 [Docket No. 410]; (2) the opinion of the Ninth Circuit in *United States v. Bhatia*, No. 07-10424, slip op., __ F.3d ___ (9th Cir. Sep. 24, 2008) [Docket No. 399]; (3) the government's Opposition to Defendant Bhatia's Motion to Vacate Trial Setting Conference [Docket No. 407]; and (4) Bhatia's Brief in Support of Bhatia Motion to Continue Trial Setting Conference of 10-28-08 [Docket No. 411]. For the following reasons, the Court finds it does not have jurisdiction over this matter, and DENIES as moot Bhatia's motion to continue.

On July 4, 2007, Bhatia filed a motion to dismiss his indictment in this matter on the grounds of res judicata and collateral estoppel. *See* Docket No. 262. Prior to his indictment in the Northern District of California, Bhatia had been sued in a civil matter in a federal court in Texas. *See id.* The civil matter arose from some of the same conduct giving rise to his indictment. *See id.* Bhatia argued that although the government was not a party to the civil suit, it aided the civil plaintiffs to such an extent, and thus participated in it, such that after the plaintiffs voluntarily dismissed this suit, the government was barred from criminally prosecuting him. *See id.* On September 4, 2007, the Court denied Bhatia's motion. *See* Docket No. 275. This same day, Bhatia filed a notice of appeal. *See* Docket No. 277.

On September 17, 2007, the Court requested briefing from the parties as to whether the Court had jurisdiction over this matter, while Bhatia pursued his interlocutory appeal. *See* Docket No.

317. On September 26, 2007, after the benefit of briefing, the Court found it did not. *See* Docket No. 357. Specifically, the Court noted that under 28 U.S.C. § 1291, criminal matters are not generally subject to interlocutory appellate review. Docket No. 357 at 1 (citing *United States v. Lewis*, 368 F.3d 1102, 1104 (9th Cir. 2004)). The Court noted, however, an exception exists for appeals predicated on claims of res judicata and collateral estoppel, as they implicate principles of double jeopardy. Docket No. 357 at 1-2 (*citing United States v. Lewis*, 368 F.3d 1102, 1107 (9th Cir. 2004); *United States v. Castiglione*, 876 F.2d 73, 75 (9th Cir. 1988)). The Court also found that such appeals divest a trial court of jurisdiction, unless it certifies the interlocutory appeal as frivolous, i.e., that it fails to raise a colorable claim of res judicata or collateral estoppel. Docket No. 357 at 2 (*citing Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992)). In other words, the Court held, it has no jurisdiction as long as the interlocutory appeal has "some possible validity." Docket No. 357 at 2 (*quoting United States v. Zone*, 403 F.3d 1101, 1104 (9th Cir. 2005) (*quoting United States v. Sarkisian*, 197 F.3d 966, 983 (9th Cir. 1999))). The Court then held that while Bhatia's interlocutory appeal was weak, it did have some validity, and thus the Court would stay this matter until the Ninth Circuit had issued a mandate. *See* Docket No. 357 at 2.

Over a year later, on September 24, 2008, the Ninth Circuit found it had no jurisdiction over Bhatia's appeal because his claims of res judicata and collateral estoppel were not colorable. *Bhatia*, No. 07-10424 at 13616. Specifically, the Ninth Circuit found Bhatia's facts showed, at best, mere cooperation between the government and the Texas civil plaintiffs. *Id.* It also found Bhatia had thus failed to show the government had any direction or control over the civil suit, such that it was barred by res judicata or collateral estoppel from pursuing a criminal indictment against him for the conduct giving rise to the civil suit. *Id.* at 13619-20. In other words, Bhatia had failed to show the government was in privity with the civil plaintiffs. *Id.* The Ninth Circuit thus dismissed his appeal for lack of jurisdiction. *Id.* at 13620.

On October 8, 2008, Bhatia timely filed a Motion to Extend Time to File Petition for Rehearing with Suggestion for Rehearing En Banc until 12/09/2008.[1] Ninth Cir. Docket No. 36. On

---

[1] Under Federal Rule of Appellate Procedure 40(a)(1), he had 14 days from September 24, 2008, to file a motion for rehearing by his panel or en banc.

2

October 14, 2008, Bhatia filed in this Court a Motion to Vacate Trial Setting Conference of 10-21-08, on the grounds that due to his Ninth Circuit motion, it was his "understanding that the appeal court cannot file a mandate back to this court so this court has no jurisdiction to set a trial date or to try this case until the mandate issues . . . ." Docket No. 404. On October 17, 2008, the Court denied Bhatia's motion to vacate for lack of legal authority or analysis, but advised him to seek a stipulation or raise the issue at the Trial Setting Conference. Docket No. 405. This same day, however, unbeknownst to the parties or the Court, the Ninth Circuit granted Bhatia's motion to extend time, and gave him until December 9, 2008 to file his motion for rehearing. Ninth Cir. Docket No. 37.

On October 20, 2008, the Court continued the Trial Setting Conference to October 28, 2008, and requested briefs of three pages or less, by October 22, 2008, on what was essentially Bhatia's motion to stay this matter pending resolution of his motion for a rehearing by the Ninth Circuit. Docket No. 408. On October 22, 2008, the government filed a brief, asserting that because the Ninth Circuit had decided Bhatia's appeal was frivolous, this Court merely had to agree in writing, and thus it would have jurisdiction. Docket No. 407. The next day, Bhatia filed a brief, advising that the Ninth Circuit had granted his motion for an extension of time. Docket No. 411 at 1-2. He argues that under the law of the case doctrine, this Court must continue to stay this matter, otherwise it could proceed to trial on a matter over which the Ninth Circuit may determine, en banc or otherwise, that it has jurisdiction, thus denying jurisdiction to this Court. *Id.* at 2. He argues that this Court would also waste its resources addressing such a matter, especially if trial rendered a verdict inconsistent with an ultimate determination in the Ninth Circuit on the merits of the res judicata or collateral estoppel issue. *Id.* He also notes he has filed a notice of his unavailability through November 6, 2008, due to travel outside the country, which he had scheduled prior to the Court setting the October 28 hearing. *Id.* at 2-3.

The Court notes that in its September 26, 2007 Order it ruled it would stay this matter until the Ninth Circuit had issued its mandate. *See* Docket No. 357 at 2. To-date no mandate has been issued. The Court agrees with Bhatia's reasoning. The Court notes that as the Ninth Circuit has granted Bhatia's timely filed motion for a rehearing with en banc suggestion, no mandate will issue

3

| | |
|---|---|
| 1 | until the Ninth Circuit has disposed of his motion. The Court STAYS this matter until the Ninth |
| 2 | Circuit issues a mandate. All pending dates are VACATED. The Court DENIES as moot defendant |
| 3 | Lal Bhatia's Notice of Unavailability and Ex Parte Motion to Continue Trial Setting Conference of |
| 4 | 10-28-08 [Docket No. 410]. |

      IT IS SO ORDERED.

October 24, 2008

_____
Saundra Brown Armstrong
United States District Judge