UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>LAL BHATIA, et al.,<br><br>    Defendants. | Case No: CR 05-0334 SBA<br><br>**ORDER DENYING DEFENDANT LAL BHATIA'S PRO SE MOTIONS WITHOUT PREJUDICE** |

Defendant Lal Bhatia ("Defendant") is charged, along with three co-defendants, with wire fraud, 18 U.S.C. § 1343, and money laundering, 18 U.S.C. § 1957(a). The indictment arises from events surrounding negotiations for loans to fund large real estate development projects in Florida and Texas.[1]

On July 24, 2007, Defendant filed a motion to dismiss on collateral estoppel grounds, which the Court denied on September 4, 2007. After Defendant filed a notice of appeal from that ruling, the Court vacated the trial date and stayed the action pending resolution of the appellate process. The Ninth Circuit dismissed Defendant's appeal on September 24, 2008. Thereafter, Defendant filed petition for rehearing and rehearing en banc. After the Ninth Circuit denied Defendant's petition, he filed a petition for writ of certiorari to the United State Supreme Court, which was rejected.

---

[1] Defendant is represented by Sunita Kappor, Paul Puri and Stanley Hilton. However, Mr. Hilton has notified the Court that he is no longer eligible to practice law in California. (Docket 441.) The Court construes Mr. Hilton's letter as a request to be relieved as counsel of record, which is granted. Ms. Kappor and Mr. Puri remain counsel of record for Defendant.

| | |
|---|---|
| 1 | During the pendency of the stay and appellate proceedings, Defendant filed a pro se |
| 2 | motion to appear in propria persona. (Docket 440.) Despite its title, the motion consists of |
| 3 | little more than a lengthy diatribe against Assistant United States Attorney ("AUSA") Stephen |
| 4 | Corrigan and Federal Bureau of Investigation Agent Janet Berry, both of whom are assigned to |
| 5 | this case. The motion is not properly before the Court. Setting aside that Defendant's motion |
| 6 | violates the Court's stay order, it is well settled that the Court need not consider pro se motions |
| 7 | filed by a defendant who remains represented by counsel. E.g., United States. v. El-Alamin, |
| 8 | 574 F.3d 915, 923 (8th Cir. 2009); United States v. Hildreth, 485 F.3d 1120, 1125 (10th Cir. |
| 9 | 2007); United States v. Vampire Nation, 451 F.3d 189, 206 n.17 (3rd Cir. 2006); Abdullah v. |
| 10 | United States, 240 F.3d 683, 686 (8th Cir. 2001); Ennis v. LeFevre, 560 F.2d 1072 (2d Cir. |
| 11 | 1977). Thus, the Court denies Defendant's pro se motion without prejudice. For the same |
| 12 | reasons, Defendant's pro se motions to dismiss based on AUSA Corrigan and Agent Berry's |
| 13 | alleged "falsehoods" and for violation of the Speedy Trial Act, and motion for an escorted |
| 14 | furlough are improper. (Docket 444, 448, 458, 463.) These motions also are denied without |
| 15 | prejudice. |
| 16 | Finally, the Court notes that the record reflects that there a number of open docket |
| 17 | matters resulting from the plethora of motions filed in anticipation of the original trial date. |
| 18 | (Docket 127, 161, 162, 164, 165, 222, 314, 319, 320, 321, 324, 325, 326, 328, 329, 330, 331, |
| 19 | 332, 333, 334, 335, 336, 337, 338, 339, 356.) Those motions were mooted as a result of the |
| 20 | stay order. As an administrative matter, the Court will deem these motions denied as moot and |
| 21 | shall be terminated by the Clerk. Accordingly, |
| 22 | IT IS HEREBY ORDERED THAT: |
| 23 | 1. Defendant's pro se motions to appear in propria persona, to dismiss and for an |
| 24 | escorted furlough are DENIED without prejudice. |
| 25 | 2. Due to Stanley Hilton's inability to practice law in California, Mr. Hilton is |
| 26 | relieved as counsel of record for Defendant Lal Bhatia. |
| 27 | |
| 28 | |

3. This Order terminates Docket 127, 161, 162, 164, 165, 222, 314, 319, 320, 321, 324, 325, 326, 328, 329, 330, 331, 332, 333, 334, 335, 336, 337, 338, 339, 356, 440, 444, 448, 458 and 463.

4. The stay previously imposed by the Court on September 26, 2007 is VACATED.

IT IS SO ORDERED.

Dated: May 18, 2010

*Saundra B. Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge