UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| UNITED STATES OF AMERICA, | Case No: CR 05-0334 SBA |
|---|---|
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION TO DISMISS INDICTMENT BASED ON PROSECUTORIAL MISCONDUCT** |
| vs. | |
| LAL BHATIA, et al., | |
| Defendants. | |

Defendant Lal Bhatia ("Bhatia" or "Defendant"), Henri Berger ("Berger"), Marzban Mody ("Mody") and Steven Shelton ("Shelton") are charged with three counts of wire fraud, 18 U.S.C. § 1343, and four counts of money laundering, 18 U.S.C. § 1957(a). The parties are presently before the Court on Defendant's Motion to Dismiss Indictment As FBI Agent Berry and AUSA Corrigan's Material Falsehoods Caused the Grand Jury, the Indictment No Longer to be a Grand Jury, the Indictment No Longer to be an Indictment Thereby Giving Rise to the Defendant's Constitutional Right Not to be Tried. Having read and considered the papers submitted and the record in this action, and being fully informed, the Court DENIES the motion.

I. **BACKGROUND**

This action arises from events surrounding negotiations for loans to fund large real estate development projects in Florida and Texas. Beginning in or about 2003, Defendants met with representatives of two entities, Carlton Orlando LLC ("Carlton") and Inderra Houston ("Inderra"), which were interested in obtaining financing for their respective construction projects. The negotiations between Bhatia and representatives of both companies culminated

in a face-to-face meeting at a private club located in Las Vegas, Nevada, with a wealthy businessman and financier, who was represented to be "Sir Richard Benson." Sir Benson was, in actuality, a fictitious character played by Defendant Berger. Following the meeting, Carlton and Inderra wired various payments to accounts maintained by Bhatia, as advance fees for securing the financing. After collecting the fees, Defendants continued their scheme by lulling Carlton and Inderra into believing that the loans would be funded shortly, which they never were.

On October 14, 2004, Inderra filed a civil suit against various parties, including Bhatia, for fraud, breach of contract and breach of fiduciary duty, among other causes of action, in the United States District Court for the Southern District of Texas. See Inderra Houston v. Gerry Florent, et al., U.S. Dist. Ct., S. Dist. Tex., Case No. H-04-CV-3961.[1] During the course of the action, various depositions were taken, including those of Ralph Abercia Sr. and Ralph Abercia Jr., who were principals and officers of Inderra. On November 15, 2005, while various motions remained pending, Inderra moved to voluntarily dismiss the action. On November 17, 2005, the district court dismissed Bhatia from the action, with prejudice.

In the meantime, on May 26, 2005, a grand jury seated in the Northern District of California returned an indictment against Defendants Bhatia, Berger, Mody and Shelton, charging them with wire fraud and money laundering, based on their involvement in above-described fraudulent scheme. (Docket 8.) Bhatia previously filed a motion to dismiss on the ground that the dismissal filed in the Texas civil action precluded the government, under the doctrine of collateral estoppel or res judicata, from pursuing the instant criminal action. (Docket 262.) The Court denied the motion.[2] Nonetheless, Bhatia has now filed another motion to dismiss the indictment based on accusations that Assistant United States Attorney

---

[1] Though Carlton was an alleged victim of the scheme, the complaint named Gerry Florent, and officer of Carlton, based on his role in purportedly helping to broker the transaction.

[2] Bhatia appealed the Court's dismissal. On September 24, 2008, the Ninth Circuit affirmed the Court's ruling in a published disposition. United States v. Bhatia, 545 F.3d 757 (9th Cir. 2008), cert. denied, 130 S.Ct. 127 (2009).

Stephen Corrigan and Federal Bureau of Investigations Agent Alison Berry withheld information from the grand jury in order to secure the indictment. In particular, he claims that the deposition testimony of the Abercias proves that that another individual, Gerry Florent, alone had deceived them into paying the advance fees. (Def.'s Mot. at 3.) Bhatia argues that the information gleaned from these individuals was available to Agent Berry, who allegedly should have presented it to the grand jury. (Def.'s Mot. to Dismiss at 12.)

## II. <u>LEGAL STANDARD</u>

Under Rule 12(b) of the Federal Rules of Criminal Procedure, a party may file a motion to dismiss based on "any defense, objection, or request that the court can determine without a trial of the general issue." Fed.R.Crim.P. 12(b). A court may dismiss an indictment for prosecutorial misconduct either on constitutional grounds or by exercising its supervisory power. <u>United States v. DeRosa</u>, 783 F.2d 1401, 1404 (9th Cir. 1986) ("Errors in grand jury proceedings are discussed under two theories, the constitutional theory and the supervisory powers theory"). In considering a motion to dismiss based on prosecutorial misconduct, the Court views the evidence in the light most favorable to the government. <u>United States v. Struckman</u>, --- F.3d ---, 2010 WL 2573211 at *9 (9th Cir., June 29, 2010). Dismissal is a "drastic measure" and a court, when faced with prosecutorial conduct, should tailor relief appropriate in the circumstances. <u>United States v. Isgro</u>, 974 F.2d 1091, 1099 (9th Cir. 1992).

## III. <u>DISCUSSION</u>

"The defense of outrageous government conduct is limited to extreme cases in which the government's conduct violates fundamental fairness and is shocking to the universal sense of justice mandated by the Due Process Clause of the Fifth Amendment." <u>United States v. Fernandez</u>, 388 F.3d 1199, 1238 (9th Cir. 2004). In other words, the government's conduct must be "so outrageous that due process principles would absolutely bar the Government from invoking judicial process to obtain a conviction." <u>United States v. Restrepo</u>, 930 F.2d 705, 712 (9th Cir. 1991) (citation omitted). Defendant bears the burden of proving that the government's conduct was "so excessive, flagrant, scandalous, intolerable, and offensive as to violate due process." <u>United States v. Edmonds</u>, 103 F.3d 822, 825 (9th Cir. 1996). Where

misconduct before the grand jury is alleged, the "[c]onstitutional grounds for dismissal are limited . . . because the grand jury's determination is a preliminary one and because the full panoply of constitutional protection will be available at trial." United States v. De Rosa, 783 F.2d 1401, 1405 (9th Cir. 1986). The power to dismiss an indictment on the basis of prosecutorial misconduct on due process grounds should therefore be exercised sparingly. United States v. Busher, 817 F.2d 1409, 1411 (9th Cir. 1987).[3]

Here, the gravamen of Bhatia's motion is that Messrs. Abercia Sr. and Abercia Jr.'s deposition testimony from the Texas civil action establishes that it was Mr. Florent (of Carlton) who was solely responsible for inducing Inderra to pay the broker fees in advance—and that such information should have been conveyed to the grand jury. (Def.'s Mot. to Dismiss at 11-15.) These contentions lack merit. At best, the deposition testimony by Bhatia supports the assertion that Mr. Florent made statements to the Abercias that "encouraged" Inderra to advance fees to Bhatia. (See Def.'s Request for Jud. Notice ("RJN"), Ex. 1 at 247:2-24; Ex. 3 at 97:18-98:6, 172:16-21, 176:19-25.) However, none of the cited deposition testimony supports the conclusion that Bhatia had no part in the fraudulent scheme or otherwise negates his criminal culpability for wire fraud and money laundering.

Even if the evidence relied upon by Bhatia could be construed as exculpatory, the government's failure to present such information to the grand jury does not establish prosecutorial misconduct. See, e.g., United States v. Estacio, 64 F.3d 477, 481 (9th Cir. 1995) (holding that prosecutor's failure to inform grand jury that seven witnesses were testifying under a grant of immunity did not amount of prosecutorial misconduct because "[t]he government is under no obligation to present exculpatory evidence in a grand jury proceeding"); United States v. Fuchs, 218 F.3d 957, 964 (9th Cir. 2000) ("the Government has no obligation to present evidence to the grand jury that is favorable to the accused"). In sum,

---

[3] "If the conduct does not rise to the level of a due process violation, the court may nonetheless dismiss [an indictment] under its supervisory powers." United States v. Barrera-Moreno, 951 F.2d 1089, 1091 (9th Cir. 1991). To justify dismissal under the Court's supervisory powers, the government's conduct must be (1) flagrant and (2) cause substantial prejudice to the defendant. United States v. Jacobs, 855 F.2d 652, 655 (9th Cir. 1988).

Court concludes that Bhatia has failed to carry his burden of showing that the government engaged in any misconduct before the grand jury that requires dismissal of the indictment on constitutional grounds or as an exercise of the Court's supervisory powers.

## IV. CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED THAT Defendant's Motion to Dismiss Indictment As FBI Agent Berry and AUSA Corrigan's Material Falsehoods Caused the Grand Jury, the Indictment No Longer to be a Grand Jury, the Indictment No Longer to be an Indictment Thereby Giving Rise to the Defendant's Constitutional Right Not to be Tried (Docket 485) is DENIED.

IT IS SO ORDERED.

Dated: July 12, 2010

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge