UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| UNITED STATES OF AMERICA, | Case No: CR 05-0334 SBA |
|---|---|
| Plaintiff, | **ORDER DENYING DEFENDANT LAL BHATIA'S MOTION TO DISMISS BASED ON SPEEDY TRIAL ACT** |
| vs. | |
| LAL BHATIA, et al., | Docket 485 |
| Defendants. | |

Defendant Lal Bhatia ("Bhatia" or "Defendant"), Henri Berger ("Berger"), Marzban Mody ("Mody") and Steven Shelton ("Shelton") are charged with multiple counts of wire fraud, 18 U.S.C. § 1343, and money laundering, 18 U.S.C. § 1957(a). The parties are presently before the Court on Defendant Bhatia's "Motion to Dismiss Indictment with Prejudice for Violation of the Speedy Trial Act and to Commence Disciplinary Proceedings Against Assistant United States Attorney Stephen G. Corrigan for Conduct Unbecoming of a Federal Prosecutor." (Docket 453.) Having read and considered the papers submitted and the record in this action, and being fully informed, the Court DENIES Bhatia's motion.

I. <u>BACKGROUND</u>

    A. **PROCEDURAL HISTORY**

        1. **Overview**

On April 22, 2005, the Government filed a criminal complaint against Defendants, charging them with wire fraud and money laundering. (Docket 1.) These charges arise from their alleged involvement in a real estate financing scam in which they induced the owners and officers of Carlton Orlando LLC and Inderra Houston to pay advance fees to

secure loans for their respective construction projects when Defendants, in fact, had no intention or ability to obtain such loans. (Id.) All Defendants made their initial appearances on May 27, 2005, except Berger, who made his initial appearance on September 15, 2005. (Docket 9-11, 49). From September 2005 through mid-2007, the parties appeared in court for various status and motion hearings. Time under the Speedy Trial Act was excluded during that time period due to pending motions and findings based on the ends of justice.

### 2. Motion Practice and Appellate Proceedings

Throughout this action, Bhatia and his co-defendants have continually filed pretrial motions, including one that resulted in a lengthy appeal. Specifically, on July 24, 2007, Bhatia filed a forty-four page motion styled as a "Motion to Dismiss Under the Doctrine of Collateral Estoppel, Issue Preclusion, Issue Preclusion, Res Judicata." (Docket 262.) On September 4, 2007, the Court issued a written order denying the motion. (Docket 275.) On the same day, Bhatia filed a notice of appeal. (Docket 277.) The Court stayed the action pending appeal and vacated the trial date. (Docket 357.)

On September 24, 2008, the Ninth Circuit affirmed the Court's ruling. United States v. Bhatia, 545 F.3d 757 (9th Cir. 2008), cert. denied, 130 S.Ct. 127 (2009). On October 8, 2008, Bhatia filed a motion in the circuit court for an extension of time to file a petition for rehearing and rehearing en banc ("petition for rehearing"). (App. 36.)[1] Meanwhile, in this Court, Bhatia filed a motion to vacate the status conference, which at that time was scheduled for October 21, 2008. (Docket 404.) In his motion, Bhatia stated that he had sought an extension of time to file a petition for rehearing and that until the mandate issued, this Court had no jurisdiction to proceed with trial. (Id.) Based on Bhatia's representations, the Court granted his request. (Docket 414.)

---

[1] The reference to "App. [number]" refers to the number of entry in the Ninth Circuit's docket. The Court takes judicial notice of the documents filed in appellate Case No. 07-10424. See Reyna Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (court may take judicial notice of pleadings and other documents filed in another proceeding).

The circuit court granted Bhatia's request for additional time to file a petition for rehearing, and extended his filing deadline to December 9, 2008. (App. 37.) Upon further request by Bhatia, the deadline was extended to December 29, 2008. (App. 39.) Despite having received multiple extensions, however, Bhatia did not file a petition for rehearing. As a result, the Ninth Circuit issued its mandate on January 9, 2009. (Docket 420, 421.)

On January 27, 2009, Bhatia, through his then attorney, Stanley Hilton ("Hilton"), filed a motion to recall the mandate. (App. 42.) In his motion, Bhatia claimed that his attorney was not aware that the court had set December 29, 2008, as the new deadline for the petition for rehearing, because he was out of the country at that time. (Id.) On January 29, 2009, the Ninth Circuit granted Bhatia's motion, recalled the mandate, and ordered him to file his petition for rehearing by February 9, 2009. (App. 43.) Due to Bhatia's penchant for improperly submitting pro se motions, the court included a warning that Bhatia was not to file his petition for rehearing pro se unless his counsel had moved to withdraw. (App. 43.)

On February 9, 2009, the date his petition for rehearing was due, Bhatia filed a motion for leave to file his petition pro se. (App. 46, 47.) Two days later, Bhatia's counsel, Hilton, filed a motion to withdraw as appellate counsel. (App. 48.) The Ninth Circuit granted Hilton's motion to withdraw and Bhatia's request to proceed pro se, and extended the deadline for the petition to April 16, 2009. (App. 50.) Bhatia timely filed his petition for rehearing, which the court denied on May 12, 2009 (App. 56, 57).

Following the denial of his petition for rehearing, Bhatia filed a motion to stay the mandate pending the Supreme Court's review of his anticipated petition for writ of certiorari. (App. 58.) The Ninth Circuit court granted Bhatia's stay request on June 25, 2009. (App. 60.) The Supreme Court denied Bhatia's writ petition (Docket 447), and the Ninth Circuit issued its mandate shortly thereafter on December 17, 2009. (App. 62; Docket 455).

### 3.     **Additional Motion Practice by Bhatia**

On November 12, 2009, during the pendency of the appellate proceedings, Bhatia filed a pro se motion entitled, "Motion to Dismiss Indictment as to FBI Agent Berry and AUSA Corrigan's Material Falsehoods Caused the Grand Jury No Longer to be a Grand Jury, the Indictment No Longer to be an Indictment Thereby Giving Rise to the Defendant's Constitutional Right Not to be Tried," which was accompanied by numerous supporting documents.  (Docket 448-452.)  On April 16, 2010, Bhatia filed a second motion to dismiss based the Government's alleged violation of the Speedy Trial Act.  (Docket 463-466.)  Bhatia filed a "supplemental brief" in support of his second motion to dismiss on April 28, 2010.  (Docket 468.)

On May 18, 2010, the Court held a status conference at which the Court denied Bhatia's pending motions on the ground that that he is represented by counsel, and therefore, his pro se motions were improper.  (Docket 476.)[2]  However, the Court indicated that it would consider Bhatia's motions, provided that they were properly submitted through counsel.  The Court set a briefing schedule and a further hearing date of July 13, 2010.

### B.     **THE INSTANT MOTION**

In accordance with the briefing schedule previously set by the Court, Bhatia, through his attorney, filed the instant motion to dismiss for violation of the Speedy Trial Act.  (Docket 485.)  Bhatia does not dispute that the time period from September 15, 2005, to January 9, 2009, is properly excluded from the Speedy Trial Act.  Instead, the gravamen of Bhatia's motion is that the Speedy Trial clock temporarily restarted when the Ninth Circuit issued its first mandate on January 9, 2009, until its recall on January 29, 2009.  He also argues that more than seventy days of non-excludable time elapsed between December 18, 2009, the date of the second mandate, and the May 18, 2010, status hearing.  Though recognizing that he had numerous, outstanding motions pending during that time period,

---

[2] The Order denying the motions was signed on May 18, 2010, but filed on May 19, 2010.

Bhatia contends that the pendency of those motions did not toll the Speedy Trial clock because the Government did not respond to them, and because the Court did not hold a hearing on the motions. For its part, the Government contends that only thirty-three days have elapsed and that all other time is excludable based on the pendency of motions and the appellate proceedings. As will be discussed below, a review of the applicable exclusions since the inception of this action supports the conclusion that, in fact, no time has elapsed on the Speedy Trial clock.[3]

## II. LEGAL STANDARD

Under the Speedy Trial Act, a criminal defendant's trial must begin within seventy days of the date the indictment was filed or the defendant's initial appearance, whichever is later. 18 U.S.C. § 3161(c)(1); United States v. Hall, 181 F.3d 1057, 1060 (9th Cir. 1999). Where, as here, multiple defendants are involved, the Speedy Trial clock commences to run on the date that the last co-defendant is indicted or arraigned. United.States v. King, 483 F.3d 969, 972 (9th Cir. 2007). If a defendant is not brought to trial within the prescribed time limits, the trial court must grant the defendant's motion to dismiss for violation of the Speedy Trial Act. 18 U.S.C. § 3162(a)(2); Bloate v. United States, -- U.S. --, 130 S.Ct. 1345, 1346 (2010).

"The Act contains certain exclusions that toll the running of the 70 days." Hall, 181 F.3d at 1060 (citing 18 U.S.C. § 3161(h)). For instance, time is automatically excluded from the Speedy Trial time calculation for delays attributable to pretrial motions or

---

[3] The Government's opposition summarizes the exclusions of time from the date the Speedy Trial clock commenced on September 15, 2005 (the date the last Defendant was arraigned), to the present. In doing so, the Government mistakenly calculated that thirty-three days of non-tolled time elapsed between the initial pretrial conference held on May 16, 2006, and Bhatia's filing of additional motions in limine on June 19, 2006. (Opp'n at 8.) Though Bhatia failed to raise the issue in his opening papers, he improperly attempts to adopt the Government's calculation in his reply. See In re Rains, 428 F.3d 893, 902 (9th Cir. 2005) (court need not consider new arguments raised in a reply brief). Both parties overlook that time under the Speedy Trial Act remained tolled following the pretrial conference until Bhatia's filing of additional in limine motions based on Berger's pending in limine motions. (Docket 127.) In any event, even in the absence of such tolling, the Speedy Trial clock in this case has not exceeded seventy days.

interlocutory appellate proceedings. 18 U.S.C. § 3161(h)(1)(C), (D). Time also may be excluded upon a finding by the court that "the ends of justice outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A), (B). When a prosecution involves multiple defendants, the time excludable for one defendant under the Speedy Trial Act is excludable for all defendants. King, 483 F.3d at 974 n.5 (citing United States v. Dota, 33 F.3d 1179, 1183 (9th Cir. 1994)).

## III. DISCUSSION

### A. EXCLUSION BASED ON APPELLATE PROCEEDINGS (9/4/07- 2/17/09)

The filing of an interlocutory appeal automatically tolls the Speedy Trial clock until the appellate process is complete. 18 U.S.C. § 3161(h)(1)(C); United States v. Pete, 525 F.3d 844, 852 (9th Cir. 2008) (holding that pendency of appeal tolls Speedy Trial clock, irrespective of whether the appeal actually causes delay). Bhatia does not dispute this principle, but contends that twenty days elapsed on Speedy Trial clock, from January 9, 2009, when the circuit court issued its first mandate, until January 29, 2009, when the mandate was recalled. (Def.'s Mot. at 16.) As a general matter, it is true that once a mandate is issued, the Speedy Trial clock resumes. See Pete, 525 F.3d at 854. However, a defendant's statement in a court filing of his intention to seek further appellate relief is sufficient to toll the clock. See id. (holding that in the context of an untimely petition for writ of certiorari, "once the defendant has clearly announced in a court document an intention to file a certiorari petition, the time following such an announcement is excludable under the STA as a 'delay resulting from an[ ] interlocutory appeal'").

Here, prior to the issuance of the first mandate, Bhatia clearly stated his intention to file a petition for rehearing and rehearing en banc. Shortly after the Ninth Circuit issued its opinion on September 24, 2008, Bhatia, in a filing before the court of appeal, stated his intention to file a petition for rehearing. (App. 36.) Likewise, in this Court, Bhatia repeated his intention to pursue additional appellate relief. (Docket 404). Although the Ninth Circuit temporarily remanded the matter after Bhatia failed to file his petition for rehearing by the scheduled deadline, it recalled the mandate based on Bhatia's

representation that the only reason he had not filed his petition was because his attorney did not receive notice of the extended deadline. (App. 42.) The record thus confirms that Bhatia "clearly announced in a court document an intention" to pursue additional appellate review, and as such, all time thereafter until the remand on December 17, 2009, is automatically excluded under section 3161(h)(1)(C). See Pete, 525 F.3d at 854.

### B. EXCLUSION BASED ON PENDENCY OF MOTIONS (12/17/09 – 5/18/10)

The remaining issue in dispute concerns the time between the issuance of the second mandate on December 17, 2009, and the Court's ruling on Bhatia's motions on May 18, 2010. The Government contends that this time period is automatically excluded under 18 U.S.C. § 3161(h)(1)(D), which governs any period of "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion . . . ." 18 U.S.C. § 3161(h)(1)(d). The Court agrees.

For purposes of the Speedy Trial Act, "there are two types of pretrial motions, those that require a hearing, and those that do not." United States v. Medina, 524 F.3d 974, 982 (9th Cir. 2008). The court explained:

> [I]f a pretrial motion is of the sort that requires a hearing, a district court must exclude the following periods of delay: (i) the period from the date the motion was filed to the conclusion of the hearing . . . ; (ii) the period from the conclusion of the hearing until the date the district court receives all the submissions by counsel it needs to decide that motion," . . . ; and (iii) the period from the last day of the period described in (i) or (ii), as applicable, until the court rules on the motion, but no more than 30 days, . . .

Id. (internal quotations and citations omitted). Where the motion is one that typically requires a hearing, but no hearing is actually held, the entire time period *from the filing of the motion until its resolution* is excluded, irrespective of "whether or not the delay was reasonably necessary." Id. (holding that time under the Speedy Trial Act was excluded from the date pretrial motions were filed until they were denied as moot as a result of defendant's guilty plea); United States v. Gorman, 314 F.3d 1105, 1115 (9th Cir. 2002) (ten-month period between the filing of defendant's motion to exclude prior act evidence until defendant entered a guilty plea was excludable under the Speedy Trial Act).

The Ninth Circuit has articulated two "narrow" exceptions to the general rule that a district court must exclude all time during the pendency of a pretrial motion. Medina, 524 F.3d at 983. First, under United States v. Clymer, 25 F.3d 824, 830 (9th Cir. 1994), "pretrial motions postponed until after trial do not toll the Speedy Trial Clock . . . ." Medina, 524 F.3d at 983. The second exception, recognized in United States v. Sutter, 340 F.3d 1022, 1031-32 (9th Cir. 2003), provides that if the motion is one that does not require a hearing, such as a pro forma discovery motion, section 3161(h)(1)(J) applies, and time is excluded from "the period from the date the motion was taken under advisement until the court rules on the motion, but no more than 30 days, . . ." Medina, 524 F.3d at 978-79; Sutter, 340 F.3d at 1031-32.[4]

In the instant case, Bhatia filed a pro se motion to dismiss on November 12, 2009, based on alleged prosecutorial misconduct. (Docket 448-452.) Bhatia supplemented that motion with yet another motion, filed on February 22, 2010, to have the Court deem the Government's lack of response to his motion to dismiss as a statement of non-opposition. (Docket 458.) On April 16, 2010, Bhatia filed a second motion to dismiss, based on the Government's alleged violation of the Speedy Trial Act. (Docket 463-466.) Bhatia filed a "supplemental brief" in support of his second motion to dismiss on April 28, 2010. (Docket 468.) These motions remained pending until May 18, 2010, when the Court ruled on them. (Docket 474, 476.) Thus, in accordance with 18 U.S.C. § 3161(h)(1)(D), the time period from the date Bhatia filed his motion to dismiss on November 12, 2009, until its disposition on May 18, 2010, is automatically excluded from the Speedy Trial clock.

Relying on Sutter, Bhatia argues that his motions to dismiss and related requests do not toll the Speedy Trial clock on the grounds that the Government did not file a response, and because the Court did not conduct a hearing on the motions. (Def.'s Mot. at 17-19.) In particular, he claims that where "no action follows the filing of the motion," the motion

---

[4] Subsection (J) provides for an exclusion based on "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court." 18 U.S.C. § 3161(h)(1)(J).

is taken under advisement as of the date the motion is filed, and that under 18 U.S.C. § 3161(h)(1)(J), no more than thirty days may be excluded thereafter. (Id. at 17.) However, the Ninth Circuit rejected the identical argument in Medina:

> Medina argues that because the court took no action on Contreras's pretrial motion, the motion did not result in any period of delay under § 3161(h)(1), and the court erred in excluding the period during which the motion was pending. Alternatively, Medina argues that the court should exclude only a 30-day period, and deem the motion "under advisement" as of the filing date pursuant to § 3161(h)(1)(J).
>
> ….
>
> We disagree with both these arguments.

524 F.3d at 983. The Medina court concluded that "[t]he period during which [the co-defendant's motions] were pending was . . . excludable under § [3161(h)(1)(D)], because a hearing is required to decide motions of that sort, even though none was ever actually held." Id. at 984.

As for Sutter, that decision has no application here. In that case, the Ninth Circuit held that it was improper for the district court to indefinitely continue a pro forma motion for discovery, and then rely on the pendency of such motion as a basis to exclude time in the absence of a live controversy. Sutter, 340 F.3d at 1029. The court explained that because "a criminal discovery motion is no more than an empty box, into which future discovery disputes can be placed," tolling time based on the motion hearing date in that instance "will indefinitely toll the Speedy Trial Act clock, thereby rendering nugatory its protections." Sutter, 340 F.3d at 1029. Here, Bhatia's motions to dismiss were not "empty box" motions filed in anticipation of a possible, future controversy. Rather, both motions were predicated upon live controversies, the resolution of which was potentially dispositive of the entire action. See Medina, 524 F.3d at 984 (holding that the Sutter exception was inapplicable to defendant's motions to sever and suppress evidence because they were not "empty-box" motions). Because Bhatia's motions are the type that are typically are associated with a hearing, the time period between their filing on November 12, 2009, and

resolution on May 18, 2010, is excluded from the Speedy Trial Clock under 18 U.S.C. § 3161(h)(1)(D). See Medina, 524 F.3d at 983-84; Gorman, 314 F.3d at 1115.

## IV. CONCLUSION

The Court concludes that no time has elapsed since Speedy Trial clock commenced to run on September 15, 2005. As such, there has been no violation of the Speedy Trial Act. Accordingly,

IT IS HEREBY ORDERED THAT Defendant's motion to dismiss (Docket 485) is DENIED.

IT IS SO ORDERED.

Dated: September 1, 2010

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge