LAL BHATIA
REG NO. 97562-011
FEDERAL DETENTION CENTER
5675 - EIGHTH STREET, CAMP PARKS
DUBLIN, CALIFORNIA 94568

"IN PROPRIA PERSONA".



FILED

SEP 30 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,      CASE NO. CR-05-00334-SBA

    Plaintiff/Respondent,

v.                             **LAL BHATIA'S MOTION TO VACATE, SET ASIDE OR CORRECT HIS CONVICTION AND SENTENCE PURSUANT TO 28 U.S.C. § 2255.**

LAL BHATIA,

    Defendant/Movant.
_____///

    1. Judgement was entered by the United States District Court, for the Northern District of California, the Honorable Saundra Brown Armstrong, presiding, in Case No. CR-05-00334-SBA. Judgement was entered on September 7, 2011.

    2. Movant was sentenced to a term of 63 months.

    3. On April 22, 2005, Movant was charged in Counts One to Three for Wire Fraud in violation of 18 U.S.C. § 1343 and Counts Four to Seven for Money Laundering in violation of 18 U.S.C. § 1957.

    4. On September 7, 2011, Movant was convicted in Count One of the Indictment charging Wire Fraud in violation of 18 U.S.C. § 1343 and Count Four charging Money Laundering in violation of 18 U.S.C. § 1957.

5. On May 27, 2005, Movant entered a plea of not-guilty.

6. On March 17, 2011, Movant entered a plea of guilty pursuant to a plea agreement, for Count One of the Indictment charging Wire Fraud in violation of 18 U.S.C. § 1343 and Count Four of the Indictment charging Money Laundering in violation of 18 U.S.C. § 1957.

7. No appeal has been filed or is expected to be filed from his conviction.

8. Other than the Motion for Bail Pending the 28 U.S.C. § 2255 Motion, filed concurrently, the "Bail Motion," no other motions, petition or application concerning the judgement of conviction has been filed.

9. The Ground upon which this motion is based is that Movant was denied his Sixth Amendment right to effective assistance of counsel, particularly, by his former defense counsel, (but not exclusively), during the years before Attorney Weiss was appointed in July 2010.

Former defense counsel, unjustifiably:

(a) Continued to advise and insist that the only disposition that would be acceptable to the defense was a dismissal with prejudice as:

(i) The facts alleged in the complaint and the indictment were inaccurate, incomplete and fabricated;

(ii) The deposition testimony of the fraud victims, Ralph Abercia, Sr., Ralph Abercia, Jr., and their attorney Stephen Tienman, established that it was only Gerry Florent (of Carlton Orlando) who convinced them to pay the advance fees;

(iii) The Texas District Court found that any representations, if made, were not material to reasonably influence a person to part with money and property.

2

(iv) As civil fraud, based on the Texas District Court's findings, could not be established, establishing and/or proving wire fraud, based on the identical factual predicate, would be impossible;

(v) If the civil case was dismissed with prejudice, then the criminal case would also be dismissed with prejudice;

(vi) Defense counsel would not permit Movant plead guilty to AUSA Corrigan, "Corrigan" and FBI Agent Berry's "Berry," fabrications.

(vii) Once the Criminal Court would be presented with evidence establishing that only Gerry Florent was responsible for the fraud, the Criminal Court would dismiss the charges against Movant.

(b) As a result, failed to fully and accurately explain the pros and cons of the government's plea offer provided in 2005, or sought Movant's consent to reject the said plea offer.

(c) Failed to advise Movant of his exposure, if counsel continued to litigate matters in CR-05-00334-SBA, "Case 2," after Movant was convicted, sentenced and incarcerated pursuant to CR-04-40071-CW, "Case 1."

(d) Even after Movant pled guilty in March 2011, former Defense Counsel continued to advise Movant that he had pled guilty to Corrigan and Berry's fabricated facts.

**FACTS UPON WHICH THIS CLAIM IS BASED:**

From April 2005 through July 13, 2010, Movant was represented by Attorney Sunita Kapoor. From April 25, 2006 through July 13, 2010, Movant was represented by Attorney Paul Puri. From September 4, 2007 through September 10, 2009, Movant was represented by Attorney Stanley Hilton.

Around 2005, the prosecution, through former defense counsel, offered Movant a "global disposition" for cases 1 and 2 - in exchange

for pleading guilty, the prosecution would recommend a sentence between four to five years.

Without consideration, Attorney Kapoor rejected the plea offer by calling it "ridiculous" and "unacceptable." She further stated that the only disposition that would be acceptable was a dismissal of the charges against Movant with prejudice as:

(1) The facts alleged in the complaint were inaccurate and incomplete;

(2) The deposition testimony of Abercia, Sr., Abercia Jr., and Stephen Tienman established that it was only Gerry Florent who convinced them to part with their money;

(3) The Texas District Court found that any representations, even if made, were not material to reasonably influence any person to part with their money or property;

(4) Based on the Texas District Court's findings, she was confident that the Abercias would be unable to establish civil fraud therefore, establishing criminal fraud, based on the identical factual predicate, would be impossible;

(5) She was confident that if the civil case was dismissed the criminal case would also be dismissed;

(6) She could not permit Movant plead guilty to Corrigan and Berry's fabrications;

(7) Once the Criminal Court would be presented with evidence establishing that it was only Gerry Florent who was responsible for the fraud, and any representations made by Movant were not material, the Criminal Court would dismiss the charges against Movant with prejudice.

Incorporated by reference herein, as though fully set forth at length, are pages 5-25, of the Bail Motion, establishing Attorney

4

Kapoor's vehement crusade, attempting to establish Corrigan and Berry's fabrications warranting a dismissal of the charges against Movant with prejudice.

Had Attorney Kapoor (a) not continued to advise and insisted that the only disposition that would be acceptable was a dismissal with prejudice, by mainly relying on (i) the deposition testimony of Abercia Sr., Abercia Jr., and Stephen Tienman, establishing that it was only Gerry Florent who convinced the Abercias to pay the advance fees; and (ii) The findings by the Texas District Court that even if any representations were made, they were not material to reasonably influence any person to part with money or property;

Had Attorney Kapoor (b) fully and accurately explained the pros and cons of the government's 2005 plea offer as well as the consequences of rejecting the plea offer;

Had Attorney Kapoor (c) advised Movant of the potential exposure after he was convicted, sentenced and incarcerated pursuant to CR-04-40071-CW by continuing to litigate matters in CR-05-00334-SBA; and,

Had Attorney Kapoor (d) advised Movant that the deposition testimony of Abercia, Sr., Abercia, Jr., and Tienman, establishing that it was only Gerry Florent who convinced them to part with their money as well as the Texas District Court's findings that any representations that were made were not material to reasonably influence any person to part with their money and property, were inapplicable in the criminal case as well as not material, even though it was based on the identical factual predicate.

Movant would have pled guilty in 2005, resulting in a 48 month to 60 month sentence for cases 1 and 2, rather a 48 months sentence for case 1 _and_ 63 month sentence for case 2.

A criminal defendant is entitled under the Sixth Amendment of the United States Constitution to the effective assistance of counsel during the critical phase of plea negotiations in the proceedings. Because Attorney Kapoor's sole focus was on dismissal of the charges, based on the assumption that Corrigan and Berry had fabricated material facts to charge Lal Bhatia, resulting in her vehement crusade, as shown earlier, she focused solely on the dismissal of the charges against Lal Bhatia. Notwithstanding, she was deficient in the investigation and transmission of the 2005 plea offer from the Government. Had she assisted Lal Bhatia to understand the pros and cons of the 2005 plea offer; the applicable guideline range with the guilty plea; the applicable guideline range after trial in case 1 and its impact on case 2; probable predicted sentence after trial upon conviction; a discussion of possible or available upward or downward adjustments; and, the ramifications and implications of 2005 plea offer and the risks of rejecting the 2005 plea offer, rather than making Lal Bhatia believe that only disposition would be a dismissal of the charges with prejudice, Lal Bhatia would have accepted the 2005 plea offer, notwithstanding, Corrigan and Berry's fabrications, as he later did in March 2011, albeit, with an increased prison sentence.

Movant is entitled to reversal of his conviction and sentence. he is also entitled to be placed in a position he was in prior to the rejection of the 2005 plea offer, so that he could accept the 2005 plea offer and be sentenced accordingly.

However, if the Court finds that Attorney Kapoor's performance was not deficient and that it was <u>only</u> Gerry Florent who convinced the Abercias to part with their money, as confirmed by the deposition testimony, or that any representations made by Lal Bhatia were

6

not material to influence any person to part with their money, as found by the Texas Civil Court, and if applicable in this criminal case, as it turns out, then that would mean that the Court would be dealing with more than a simple neglect, by the prosecution, to acknowledge the existence of exculpatory evidence and correct their falsehoods, but rather, the manipulation of the criminal case to confirm the story that Lal Bhatia was responsible for the fraud. See Bail Motion § I (i) (1), pp. 3-4, Second and Third Grounds.

These egregious circumstances would make this petition one of those rare instances in which the government's conduct would constitute a sufficiently parlous behavior to satisfy the misconduct prong warranting a dismissal of the charges against Lal Bhatia.

Finally, did the Government breach the March 2011, plea agreement when in light of the Court's findings of a Criminal History Category I, they did not recommend a credit of 1,289 days for the time incarcerated in the earlier related criminal case (Case 1), in order to meaningfully achieve the "low-end of the Guideline range?"

10. The grounds for issuance of relief cannot be properly raised in a direct appeal from his conviction and sentence, as material matters are based on information and facts outside the record and needs developing.

11. Attorney Sunita Kapoor, represented Movant from April 22, 2005 until July 13, 2010.  Her last known address is 4115 Blackhawk Plaza Cir., Suite 100, Danville, California 94506.

Attorney Paul Puri, represented Movant from April 26, 2006 until July 13, 2010.  His last known address is 225 Bush Street, 16th Floor, San Francisco, California 94104.

Attorney Stanley Hilton, represented Movant from September 4,

2007 until May 19, 2010. His last known address is 2570 North First Street, Suite 200, San Jose, California 95131.

Attorney Diana Weiss was appointed by the Court, August 6, 2010 and has represented Movant through Sentencing. Her last known address is 1563 Solano Ave., # 223, Berkeley, California 94707.

12. Movant was sentenced on two counts of the indictment.

13. Movant has no other sentence in state or federal court to serve.

14. This Motion is timely filed within one year of the sentence imposed in this case.

WHEREFORE, Lal Bhatia moves that the Court grant him all relief to which he may be entitled in this proceeding.

September 22 2011                    Respectfully submitted,

                                     _____
                                     Lal Bhatia
                                     Defendant/Movant.


I declare under the penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on September 22 2011.

                                     _____
                                     Lal Bhatia, Declarant.